RANDALL H. SCARLETT (SBN 135554)
ROBERT E. ORMISTON (SBN 141857)
RANDALL A. SCARLETT (SBN 328431)
SCARLETT LAW GROUP
536 Pacific Avenue
San Francisco, CA 94133
Telephone: (415) 352-6264
Facsimile: (415) 352-6265

Attorney for All Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RURUI HUANG; RURUI HUANG AS NEXT FRIEND/FATHER of JIANBIN CHEN, a minor; and RURUI HUANG AS NEXT FRIEND/FATHER of KAILIN HUANG, a minor;<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA, a governmental entity; and DOES 1 through 100, Inclusive,<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES FOR NEGLIGENCE/MEDICAL MALPRACTICE RESULTING IN WRONGFUL DEATH**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW plaintiffs RURUI HUANG; RURUI HUANG AS NEXT FRIEND/FATHER of JIANBIN CHEN, a minor; and RURUI HUANG AS NEXT FRIEND/FATHER of KAILIN HUANG, a minor, who alleges the following:

**JURISDICTION**

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1346(b). Additionally, this Court has jurisdiction over all other claims pursuant to 28 U.S.C. § 1367 because all of the claims arise from a common nucleus of operative facts that are so intertwined that they cannot be reasonably separated.

1

**COMPLAINT FOR DAMAGES FOR NEGLIGENCE/MEDICAL MALPRACTICE AND DEMAND FOR JURY**

**INTRADISTRICT ASSIGNMENT**

2. This matter is a medical malpractice action resulting in wrongful death action. The events giving rise to the wrongful death cause of action occurred in Alameda County, Oakland, California, which makes San Francisco the proper assignment pursuant to Civil L.R. 3-2(d).

**VENUE**

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(2) and 1391§(1) because the events giving rise to the claim occurred in this judicial district, and 28 U.S.C. §1402(a) plaintiffs RURUI HUANG, and JIANBIN CHEN reside in this judicial district.

**PARTIES**

4. Plaintiff RURUI HUANG is the adult husband of decedent Xiuai Chen and is a resident of Alameda County, State of California.

5. JIANBIN CHEN is the biological son of decedent Xiuai Chen and plaintiff RURUI HUANG and is a resident of Alameda County, State of California. JIANBIN CHEN is making this claim through her NEXT FRIEND/FATHER plaintiff JIANBIN CHEN.

6. KAILIN HUANG is the biological daughter of decedent Xiuai Chen and plaintiff RURUI HUANG and is currently a resident of China. KAILIN HUANG is making this claim through her NEXT FRIEND/FATHER plaintiff JIANBIN CHEN.

7. Plaintiff RURUI HUANG is the adult husband of decedent Xiuai Chen. JIANBIN CHEN and KAILIN HUANG are the minor children of decedent Xiuai Chen. Plaintiffs are the successors in interest to the Estate of decedent Xiuai Chen and are all of the proper parties to bring this wrongful death action.

8. Defendant UNITED STATES OF AMERICA ("USA") is the federal government, and is a proper defendant pursuant to 28 U.S.C §§ 2671-2680 for claims for money damages arising from or out of the negligent or wrongful act and/or omission of any

federal employee committed within the course and scope of their employment.

9. ASIAN HEALTH SERVICES ("AHS") holds itself out as, and on that basis it is alleged, defendant AHS is "a Health Center Program grantee" under 42 U.S.C. § 254b, and a deemed Public Health Service employee under 42 U.S.C. § 233 (g)-(n).

10. Asian Medical Center ("AMC") holds itself out, and on that basis it is alleged, is "a Health Center Program grantee" under 42 U.S.C. § 254b, and a deemed Public Health Service employee under 42 U.S.C. § 233 (g)-(n).

11. Plaintiffs are informed and believe and on that basis allege that GINA T. NGUYEN-MAGDAEL, N.P., at all times mentioned herein, is a licensed nurse practitioner by the State of California.

12. Plaintiffs are informed and believe and on that basis allege that EVELYN LOO, M.D., at all times mentioned herein, is a licensed physician by the State of California.

13. Plaintiffs are informed and believe and on that basis allege that SUSAN LO, M.D., at all times mentioned herein, is a licensed physician by the State of California.

14. Plaintiffs are informed and believe and on that basis allege that KAREN CHIU, M.D., at all times mentioned herein, is a licensed physician by the State of California.

15. Plaintiffs are informed and believe and on that basis allege that CHRISTINA NG, M.D., at all times mentioned herein, is a licensed physician by the State of California.

16. The true names and capacities, whether individual, corporate, associate or otherwise, of the defendants are unknown to plaintiffs, who therefore sues such defendants by such fictitious names, and plaintiffs will amend this complaint to show their true names and capacities when the same have been ascertained. Plaintiffs are informed and believes and thereon allege that each of the defendants are responsible under law in some manner, negligently, in warranty, strictly, or otherwise, for the events and happenings herein referred to and proximately thereby caused injuries and damages to plaintiffs as herein alleged.

17. Plaintiffs are informed and believe and thereon allege that, at all times herein mentioned, each of the defendants were the agents, employees, principals or employers of each of the remaining defendants and were at all times relevant, acting within the course and scope of said relationships and each defendant authorized, ratified and approved the acts of each of the remaining defendants.

## ADMINISTRATIVE EXHAUSTION

18. On or about November 4, 2019, plaintiffs RURUI HUANG; RURUI HUANG AS NEXT FRIEND/FATHER of JIANBIN CHEN, a minor; and RURUI HUANG AS NEXT FRIEND/FATHER of KAILIN HUANG, a minor served and presented defendant USA, through the appropriate federal agency, the cabinet department U.S. Department of Health and Human Services ("DHHS"), with an administrative claim pursuant to the FTCA with supporting documents.

19. By correspondence dated November 18, 2019, (the "Acknowledgment Letter") the DHHS, through its Office of the General Counsel, Claims Office, acknowledged receipt of plaintiffs' administrative tort claim on November 4, 2019.

20. The DHHS Acknowledgment Letter assigned Claim Nos. 2020-0082, 2020-0083 and 2020-0084 to the Administrative Tort Claim of RURUI HUANG; RURUI HUANG AS NEXT FRIEND/FATHER of JIANBIN CHEN, a minor; and RURUI HUANG AS NEXT FRIEND/FATHER of KAILIN HUANG, a minor.

21. Pursuant to the request and instructions of the DHHS in its November 18, 2019 Acknowledgment Letter, received by U.S. Mail, plaintiffs RURUI HUANG; RURUI HUANG AS NEXT FRIEND/FATHER of JIANBIN CHEN, a minor; and RURUI HUANG AS NEXT FRIEND/FATHER of KAILIN HUANG, a minor, on January 17, 2020 presented requested materials in the media form as requested.

22. On March 30, 2020, plaintiffs RURUI HUANG; RURUI HUANG AS NEXT FRIEND/FATHER of JIANBIN CHEN, a minor; and RURUI HUANG AS NEXT

FRIEND/FATHER of KAILIN HUANG, a minor, received from DHHS its Notice of Final Determination of plaintiffs' administrative tort claims as required by 28 U.S.C. §§ 2401(b), 2675(a).

23. Pursuant to the DHHS its Notice of Final Determination of plaintiffs' administrative tort claims, plaintiffs RURUI HUANG; RURUI HUANG AS NEXT FRIEND/FATHER of JIANBIN CHEN, a minor; and RURUI HUANG AS NEXT FRIEND/FATHER of KAILIN HUANG, a minor, timely presented to DHHS their Request for Reconsideration on or about October 6, 2020.

24. Since that time, the DHHS has failed to make a final disposition of the Administrative Tort Claim and Request for Reconsideration of plaintiffs RURUI HUANG; RURUI HUANG AS NEXT FRIEND/FATHER of JIANBIN CHEN, a minor; and RURUI HUANG AS NEXT FRIEND/FATHER of KAILIN HUANG, a minor or provide any further response or communication whatsoever, and pursuant to 28 CFR §14.9(b) now "deemed a final denial of the claim for purposes of," the FTCA's exhaustion requirement.

## FIRST CAUSE OF ACTION
### (MEDICAL MALPRACTICE RESULTING IN WRONGFUL DEATH
### Against All Defendants)

25. Plaintiffs incorporate by reference Paragraphs 1 through 24 of the Complaint as if set forth in full herein.

26. Defendants, and each of them, including the TREATERS (defined below) owed decedent Xiuai Chen the duty to use due care, within their respective professions, including as physicians, surgeons, hospitals and nurses. This duty extended to each of their obligations, care, treatment diagnostic, pre-surgery, intraoperative, and post-surgically. The duty pertained to all aspects of defendants' care and treatment of decedent Xiuai Chen.

27. Defendants undertook the care and treatment of decedent Xiuai Chen and rendered professional services of diagnosis, care, surgery and treatment beginning on or before May 3, 2018 through May 30, 2018. Such care took place by defendants, including defendants agents and employees and Public Health Service employees, including, but not limited to, AHS, AMC, GINA T. NGUYEN-MAGDAEL, NP, EVELYN LOO, M.D., SUSAN LO, M.D., KAREN CHIU, M.D., CHRISTINA NG, M.D. and DOES 1-15, Inclusive (collectively "TREATERS"). Decedent Xiuai Chen presented to defendants and said TREATERS on multiple occasions with Cryptococcal Meningitis and showing the signs and symptoms of Cryptococcal Meningitis that worsened over time. Defendants and said TREATERS failed to have Decedent Xiuai Chen treated by or referred to a neurologist and/or infectious disease doctor. Defendants and said TREATERS failed to exercise the proper degree of knowledge and skill in such care, diagnosis, and treatment of Decedent Xiuai Chen and so negligently, recklessly, wantonly and unlawfully treated, provided care, monitored, examined, operated, failed to treat or act, and other professional services, including in the hiring, training, and supervision of personnel, in that, among other things, defendants' failure to properly work up, test, diagnose and treat decedent Xiuai Chen for Cryptococcal Meningitis, and her symptoms relating thereto. Such acts of gross medical error also constituted acts of medical malpractice and professional negligence toward decedent Xiuai Chen that were substantial factors in causing her wrongful death on May 30, 2018.

28. Further, plaintiffs are informed and believed that the facilities named herein, had inadequate policies and procedures, and inadequate supervision and training therein, which were also substantial factors in causing decedent Xiuai Chen's wrongful death.

29. As a direct and proximate result of the conduct of the defendants, and each of them, including said TREATERS, and of the death of decedent Xiuai Chen, plaintiffs have been deprived of the financial support, gifts and benefits, household services, love

compassion, comfort, care, assistance, protection, affection, society, moral support, sexual relations and decedent's training and guidance, to their great loss and damage in an amounts to be shown according to proof in excess of the jurisdictional minimum of this Court.

30. As a direct and proximate result of the conduct of the defendants, and each of them, and said TREATERS, and of the death of decedent Xiuai Chen, plaintiffs have suffered additional pecuniary damages in the form of funeral, burial and medical expenses as a result of the death of decedent Xiuai Chen.

31. Defendants' conduct, and said TREATERS' conduct, has proximately caused plaintiffs general and special damages which will be shown according to proof in excess of the jurisdictional minimum of this court.

**WHEREFORE**, plaintiffs pray for judgment against defendants, and each of them, as follows:

1. For general and special damages in a sum in excess of the minimum jurisdictional limits of this Court;
2. For all costs of suit incurred herein;
3. All prejudgment interest on general and special damages from the date of the incident of the present complaint; and
4. For such other and further relief as this Court may deem just proper.

### DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED: April 5, 2021                SCARLETT LAW GROUP

By _____
ROBERT E. ORMISTON, ESQ.